IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

FILED
97 SEP 12 PM 2:58
U.S. DISTRICT COURT
N.D. OF ALABAMA
ENTERED
SEP 12 1997

| | |
|---|---|
| LINDA C. BLAKE, | ) |
| Plaintiff, | ) |
| vs. | ) CIVIL ACTION NUMBER |
| UNITED FOOD AND COMMERCIAL WORKERS UNION AND EMPLOYERS PENSION FUND, | ) 95-C-0452-S |
| Defendant. | ) |

### MEMORANDUM OF OPINION DENYING ATTORNEY'S FEES

Counsel for plaintiff has moved for attorney's fees. The hotly-contested motion has been fully briefed and argued to the Court.

The plaintiff has prevailed in this case brought under the Employee Retirement Income Security Act, 29 U.S.C. § 1001 et seq. ("ERISA"). She filed the action on February 24, 1995. On August 30, 1996, this Court granted Summary Judgment awarding plaintiff the relief she sought. Defendant appealed the judgment to the United States Court of Appeals for the Eleventh Circuit. The decision was affirmed on March 24, 1997; and the mandate issued on April 22, 1997.

Plaintiff's counsel first filed a Motion For Attorney's Fees on May 16, 1997.

37

Fed.R.Civ.P. 54(d)(2)(B)("the Rule") provides:

> ...the motion [for attorney's fees] must be filed and served **no later than fourteen days after entry of judgment**; must specify the judgment and the statute, rule, or other grounds entitling the moving party to the award; and must state the amount or provide a fair estimate of the amount sought.

(emphasis added). The Rule has been in effect since December 1, 1993.

In the view of the Court, assuming a timely filing of the appropriate motion, plaintiff's counsel would be entitled to an attorney's fee under ERISA.

While the defendant may not have acted in bad faith, its investigation was very limited and very biased against the plaintiff. There is no evidence that the defendant is unable to satisfy an attorney's fee award. An attorney's fee award against the defendant under the circumstances of this case would certainly deter others from acting similarly. The merits of plaintiff's position are so clear that summary judgment was granted by the trial court; and the Eleventh Circuit's opinion consists of only three (3) pages. *Freeman v. Continental Ins. Co.*, 996 F.2d 1116, 1119 (11th Cir.1993).

Plaintiff's attorney's fee motion was filed eight months too late.

Plaintiff's counsel has not cited a single authority for the proposition that the court has discretion to ignore the time requirement of the Rule.

On the other hand, one case indicates that a failure to timely file a motion for attorney's fees is a waiver of the right to fees. *Sol Salins, Inc. v. W.M. Ercanbrack Co.*, 155 F.R.D. 4 (D.D.C. 1994). In addition, the Third Circuit has held that a court lacks jurisdiction to consider an attorney's fee motion filed outside the time limit imposed by the Rule. *Schake v. Colt Indus. Operating Corp. Severance Plan*, 960 F.2d 1187, 1190-91 (3rd Cir. 1992).

Regretfully, the Court must deny the petition for attorney's fees.

DONE this 12th day of September, 1997.

UNITED STATES DISTRICT JUDGE
U. W. CLEMON